|  |  |
|---|---|
| | IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA |
| BILLIE SANFORD and CHARLES SANFORD, her husband | CASE NO.: |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| OMNI HOTELS MANAGEMENT CORPORATION, a foreign corporation-for-profit | |
| Defendant. | |

The Plaintiffs Billie Sanford and Charles Sanford, her husband, by and through their undersigned counsel, sue the Defendant Omni Hotels Management Corporation, a foreign corporation-for-profit (hereinafter "Omni Hotels"), and states:

**Jurisdiction**

1. This is an action for personal injuries and damages exceeding $15,000.00, exclusive of interest and costs.

2. All conditions precedent to filing this lawsuit have occurred.

3. Venue is proper in Jacksonville, Duval County, Florida in that the fall accident in question occurred in Jacksonville, Duval County, Florida.

**Parties**

4. At all times material hereto, the Plaintiffs Billie Sanford and Charles Sanford were and are, at all times material hereto, residents of Dunwoody, Dekalb County, Georgia.

5. At all times material hereto, Defendant Omni Hotels Management Corporation, was and is, at all times material hereto, a foreign corporation for profit, duly licensed to do

business in the State of Florida, which can sue and be sued.

## Factual Allegations

6. At all times material hereto, Omni Jacksonville Corporation owned and maintained real property located at 245 Water Street, Jacksonville, Florida 32202 for the purpose of operating a hotel, restaurant and bar.

7. At all times material hereto, Omni Jacksonville Corporation entered into a contractual agreement with the Defendant Omni Hotels Management Corporation for the operation, design and maintenance of the *Omni Hotel Jacksonville* and *Juliette's Bistro*, the restaurant and bar located at 245 Water Street, Jacksonville, Duval County, Florida.

8. At all times material hereto, the Defendant Omni Hotels designed and maintained *Juliette's Bistro* including the walkways and steps leading to the dining room, veranda dining and bar areas.

9. At all times material hereto, the color of the horizontal lines of the carpet and the color of the three steps leading to the veranda dining area were of similar colors and blended creating a dangerous, optical illusion that the carpet extended up to the veranda dining area without the need to step up.

10. At all times material hereto, upon entering the front entrance to *Juliette's Bistro*, the carpet was designed with horizontal lines and these horizontal lines of the carpet extended parallel along the three steps that lead up to veranda dining area.

11. At all times material hereto, the Defendant Omni Hotels' agents and/or employees accepted, approved, chose, created, constructed, designed, or ratified the carpet color and design and the stairs color and design when opening *Juliette's Bistro* to the public.

12. At all times material hereto, the Defendant Omni Hotels' use of the same or similar colors on the carpet and the three steps and use of horizontal lines on the carpet extending parallel along the horizontal steps leading to the veranda dining in *Juliette's Bistro* created a dangerous, optical illusion and a dangerous "tripping" hazard for visitors unfamiliar with *Juliette's Bistro*.

13. At all times material hereto, the Defendant Omni Hotels failed to warn the Plaintiff Billie Sanford and other visitors of the dangerous "tripping" hazard, the optical illusion and/or the need to "step up" when walking to the veranda dining area.

14. On or about November 5, 2014, the Plaintiff Billie Sanford visited, for the first time, *Juliette's Bistro* for the purpose of eating food at the buffet which was served in the veranda dining area.

15. On or about November 5, 2014, when walking along the carpet in the dining area towards the veranda dining area for the buffet, Plaintiff Billie Sanford's foot tripped on the first step causing her to fall and sustain severe personal injuries.

## Count One - Negligence

16. The Plaintiff Billie Sanford re-alleges and incorporates herein by reference paragraphs 1 through 15.

17. At all times material hereto, the Defendant Omni Hotels Management Corporation had a duty to use reasonable care in the design of the dining room area and veranda dining area and to warn visitors of all unreasonably safe conditions, dangerous conditions and tripping hazards not noticeable upon reasonable inspection and upon the exercise of reasonable care.

18. At all times material hereto, the Defendant Omni Hotels' employees and/or agents

accepted, approved, chose, created, constructed, designed, or ratified the carpet color and design and the stairs color and design when opening *Juliette's Bistro* to the public.

19. At all times material hereto, the Defendant Omni Hotels' employees and/or agents failed to warn the Plaintiff Billie Sanford and other visitors of the dangerous "tripping" hazard, the optical illusion and/or the need to "step up" when walking to the veranda dining area.

20. At all times material hereto, the dangerous "step-up" condition or dangerous "tripping" hazard existed for a sufficient period of time such that the Defendant Omni Hotels' agents and/or employees knew, or should have known, upon reasonable inspection of the design condition, thereby providing sufficient time to warn visitors of the tripping hazard.

21. At all times material hereto, the Defendant Omni Hotels negligently breached its duty to reasonably warn visitors of unreasonably safe conditions resulting in dangerous and hazardous conditions to visitors, including the Plaintiff Billie Sanford.

22. As a direct and proximate result of the Defendant's negligence and breach of duty, the Plaintiff Billie Sanford sustained bodily injuries and resulting pain and suffering, medical surgery, physical therapy, permanent impairment, mental anguish, loss of capacity for the enjoyment of life, loss of income, loss of earning capacity and the expenses of medical care and treatment. These injuries and losses are either permanent or continuing, and the Plaintiff will suffer losses in the future.

23. WHEREFORE, the Plaintiff Billie Sanford demands judgment against the Defendant Omni Hotels Management Corporation for injuries, damages and costs, and such further relief as the Court may deem just and proper.

## Count Two - Loss of Consortium

24. The Plaintiff Charles Sanford re-alleges paragraphs 1 through 15 and incorporates herein by reference.

25. At all times material hereto, Billie Sanford and Charles Sanford were married and they resided together as husband and wife, respectively.

26. As a direct and proximate result of the aforementioned negligence of the Defendant Omni Hotel Management Corporation's employees, Charles Sanford suffered, in the past and will continue to suffer in the future, the loss of his wife's consortium, services, comfort, society and income.

27. The Defendant Omni Hotels is obligated to pay monetary damages to Charles Sanford as a result of the injury and damages to his wife, Billie Sanford.

28. WHEREFORE, the Plaintiff Charles Sanford demands judgment against the Defendant Omni Hotels Management Corporation for the full amount of the Plaintiff's damages and costs.

## Demand for Jury Trial

29. The Plaintiffs Billie Sanford and Charles Sanford request trial by jury on all issues raised herein.

Respectfully submitted,

**REGINALD LUSTER, P.A.**
Attorney at Law

*/s/ Reginald Luster*
REGINALD LUSTER, ESQUIRE
Florida Bar No.: 0750069
KIMBERLY N. MORANT, ESQUIRE
Florida Bar No.: 0116716
1751 University Boulevard South
Jacksonville, Florida 32216
Telephone: (904) 725-6655
Facsimile:  (904) 725-6658

6