**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BILLIE SANFORD and CHARLES
SANFORD, her Husband,

      Plaintiffs,

v.                                                  Case No. 3:16-cv-1578-J-34PDB

OMNI HOTELS MANAGEMENT CORP., a
foreign corporation-for-profit,

      Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279 - 1280 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On December 27, 2016, Defendant Omni Hotels Management Corp. (Omni) filed a Notice of Removal (Doc. 1; Notice) removing this case from the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida.  See Notice at 1.  In the Notice, Omni asserts that this Court has diversity jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a).  See Notice ¶ 5.  Omni alleges that Plaintiffs are citizens of Georgia, and Omni "is incorporated in the State of Delaware and its principal place of business is in the State of Texas."  Id. ¶¶ 6-7.  In addition, Omni asserts that the amount in controversy requirement for diversity jurisdiction is satisfied.  Id. ¶ 10.  However, upon review of the Notice and Complaint (Doc. 2), the Court finds that Omni fails to allege sufficient facts to plausibly demonstrate that the amount in controversy exceeds $75,000.[1]  See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).

This case arises out of a trip and fall accident involving Plaintiff Billie Sanford that occurred on a set of three stairs leading up to a veranda dining area in the Omni Hotel Jacksonville.  See generally Complaint.  In the Complaint, Plaintiffs allege that damages exceed $15,000.00, exclusive of interest and costs.  See Complaint ¶ 1.  Plaintiffs asserts that as a result of her fall at the Omni Hotel Jacksonville, Billie Sanford "sustained bodily injuries and resulting pain and suffering, medical surgery, physical therapy, permanent impairment, mental anguish, loss of capacity for the enjoyment of life, loss of income, loss of earning capacity and the expenses of medical care and treatment."  See id. ¶ 22.  She further alleges that her injuries are "permanent or continuing."  Id.  In addition, her husband, Charles Sanford, brings a loss of consortium claim and alleges that he "suffered, in the past

---

[1] The Court is satisfied that Omni has sufficiently alleged diversity of citizenship.

and will continue to suffer in the future, the loss of his wife's consortium, services, comfort, society and income." Id. ¶ 26.  In support of removal, counsel for Omni merely points to these allegations and states that he had a "discussion with Plaintiffs' counsel" which gives him a "good faith basis to assert the instant claim satisfies the Court's 'amount in controversy' requirement for removal based on diversity jurisdiction." See Notice ¶¶ 8-10.

Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co., 135 S. Ct. at 554.  If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014).  Notably, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." See Williams, 269 F.3d at 1320.  Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010).  Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754 (emphasis added).  In those circumstances, a court is able to

determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id. at 754 (emphasis added).[2]

Here, Omni fails to present a "plausible allegation" of the amount in controversy. Omni's recitation of the generic, vague and categorical allegations of the Complaint, combined with an undetailed reference to a conversation with opposing counsel, do not provide the Court with any specific, factual information by which to determine whether Plaintiffs' damages plausibly exceed the jurisdictional threshold. Indeed, based on the allegations in the Notice and Complaint, the Court can do no more than speculate regarding the nature and severity of Billie Sanford's injuries. Thus, "without facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'–only through speculation–and that is impermissible." Id. at 753-54 (third alteration in original) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). In light of Plaintiffs' vague allegations of damages, and in the absence of any information regarding the nature of Billie Sanford's injuries, or the cost of her subsequent medical care, the Court is unable to determine whether the amount in controversy requirement is satisfied here. As such, Omni has failed to provide the Court with sufficient information for the Court to determine whether it has jurisdiction over this action. In light of the foregoing, it is

---

[2] The Court notes that Dart, Dudley and Pretka, all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. § 1447(d), § 1453(c), appellate decisions on removal usually involve cases removed under CAFA. See, e.g., Pretka, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Pretka, 608 F.3d at 756-57 & n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

**ORDERED**:

Defendant Omni Hotels Management Corp. shall have up to and including **February 13, 2017**, to file an amended notice of removal demonstrating that this Court has subject matter jurisdiction over this case.

**DONE AND ORDERED** in Jacksonville, Florida on this 19th day of January, 2017.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc11

Copies:
Counsel of Record