# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

BILLIE SANFORD                                   Case No.: CASE NO:  3:16-cv-1578-J-34PDB

        Plaintiff,

vs.                                              **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**

OMNI HOTELS MANAGEMENT CORP.,
a foreign corporation,

        Defendant.

_____/

The Plaintiff Billie Sanford, by and through her undersigned counsel, pursuant to Rule 54, Federal Rules of Civil Procedure, hereby responds to the *Defendant Omni Hotels Management Corp.'s Motion for Award of Attorney's Fees and Costs* (Doc. 115), and states:

    **A.   Diversity Jurisdiction of the United States District Court.**

    1.   This diversity jurisdiction premises liability action was initially filed in the Circuit Court, 4th Judicial Circuit, Jacksonville, Duval County, Florida. (Doc. 13).  At all times material hereto, the Plaintiff Billie Sanford resided in Dunwoody, Dekalb County, Georgia.  The Defendant Omni Hotels Management Corp., while incorporated in the State of Delaware, had its principal place of business in the State of Texas.

    **B.   Florida's Choice- of-Law Principles.**

    2.   In applying Florida's choice-of-law principles, the Eleventh Circuit Court of Appeals has ruled that "[the] Supreme Court of Florida would hold that Fla. Stat. § 768.79 is not a 'local law rule prescribing how litigation shall be conducted.' " *McMahon v. Toto*, 256 F.3d 1120, 1133 (11th Cir. 2001).

### C. Georgia Has Most Significant Relationship to Trip 'n Fall Incident.

3. The State of Georgia has the most significant relationship to the November 5, 2014, trip 'n fall incident because the overwhelming majority of Mrs. Billie Sanford's damages, i.e., her economic damages for medical expenses, were incurred while undergoing knee replacement surgery and rehabilitation once Mrs. Sanford returned to her home in Georgia. *McMahon v. Toto*, 256 F.3d at 1132. *See also Andrews v. Continental Ins. Co.*, 444 So.2d 479, 482-82 (Fla. 5th DCA 1984) (while automobile accident occurred in Florida, Maine had the most significant relationship with the occurrence requiring application of Maine law about arbitration award and whether attorney's fees were allowed). In fact, her medical bills incurred in the State of Georgia were $142,295.50 at Northside Hospital and $14,576.02 at Peachtree Orthopedics for the surgery performed by Dr. Anuj Gupta for a total of $156,871.52 in medical expenses. Consequently, neither Florida nor Texas[1] have a more significant relationship to the November 5, 2014, trip 'n fall incident.

### D. Georgia Code 9-11-68 is Applicable.

4. Because the State of Georgia has the most significant relationship to the November 5, 2014, trip 'n fall incident, Georgia's law concerning offers of settlement is applicable to this diversity jurisdiction action for premises liability. *Showan v. Pressdee*, 922 F.3d 1211, 1222 - 1228 (11th Cir. 2019). § 9-11-68(e) compensates prevailing parties for litigation costs and other injuries endured because of an opposing party's decision to present meritless or bad-faith claims or defenses. *Id.* That compensatory purpose is why the statute says

---

Texas law, *Offers of Settlement*, Sec. 17.5052(g) and (h) would not permit the Defendant Omni Hotels to recover attorney's fees and costs.

2

that a prevailing party that has been forced to defend against a "frivolous claim or defense" is entitled to "damages" that are not capped at what is required to deter comparable litigation conduct. *Id*. In this case, the Plaintiff Billie Sanford did not present a frivolous claim for premises liability resulting in a ruptured left knee replacement requiring surgery and rehabilitation medical expenses of $156,871.52.

### E.     Defendant's Proposal for Settlement Not Made in Good Faith.

5.     Considering the amount of the Plaintiff Billie Sanford's medical bills of a total of $156,871.52 occurred in the State of Georgia, the Defendant's Proposal for Settlement in the amount of $10,000.00 was not made in good faith. The amount of the Proposal for Settlement was clearly made in bad faith forcing the Plaintiff to proceed to a trial by jury.

### F.     Attorneys' Duplication of Effort of Sole Trial Attorney.

6.     The Defendant Omni Hotel's case at trial was solely presented by Robin Clay Hoblit, Esquire. Local counsel Michael P. Milton, Esquire, while he sat as second chair at the trial, Mr. Milton did not present Opening Statement, Closing Arguments, Direct examination or Cross Examination of any witnesses at the trial. Mr. Milton's claim for attorney's fees is simply a duplication of Mr. Hoblit's attorney's fees that were incurred in preparation for, and trying of, the Defendant's case at trial.

Further, Michael P. Milton, Esquire and the Plaintiff's counsel Reginald Luster, Esquire, were in Atlanta, Georgia on August 23, 2019, conducting the videotape trial deposition of Dr. Anuj Gupta when the Defendant's Proposal for Settlement was electronically served on August 23, 2019. Consequently, under Georgia and Florida's law, the Defendant Omni Hotels could not

3

recover for attorney's fees and costs for Mr. Milton attending the trial deposition for Dr. Anuj Gupta.

Moreover, the purported attorney's fees of the various associate attorneys – Conner Jackson, Esquire; Mariana Garza, Esquire; Amanda Marcum, Esquire; and Erin Johnston, Esquire – are a further duplication of Robin Clay Hoblit's trial preparation and trial presentation. Finally, neither Georgia's law nor Florida's law allow for the recovery of the paralegal fees of Charles O'Brien and Maureen Head.

7. WHEREFORE, the Plaintiff Billie Sanford respectfully requests that this Court enter an Order denying the *Defendant Omni Hotels Management Corp.'s Motion for Award of Attorney's Fees and Costs* (Doc. 115) made pursuant to Section 768.79, Florida Statutes.

Respectfully submitted,

**REGINALD LUSTER, P.A.**
Attorney at Law

  */s/ Reginald Luster*
REGINALD LUSTER, ESQUIRE
Florida Bar No.: 0750069
1751 University Boulevard South, Suite A
Jacksonville, Florida 32216
Telephone: (904) 725-6655
Facsimile:   (904) 725-6658
Email: info@rlusterlaw.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on December 6, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that on the same day a copy of the foregoing document and notice of electronic filing was furnished to the following, either by the CM/ECF system to the CM/ECF participants or by U.S. Mail to the non-CM/ECF participants:

      Michael P. Milton, Esquire
      3127 Atlantic Boulevard
      Jacksonville, Florida 32207


      */s/ Reginald Luster*
      Reginald Luster, Esquire